UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice Ivan Williams, # 215188, ) | C/A No. 9:10-3273-RBH-BM |
| Petitioner, ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| State of South Carolina, ) | |
| Respondent. ) | |

The petitioner, Maurice Ivan Williams ("Petitioner"), is a state prisoner, proceeding *pro se,* seeking federal habeas relief pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

Nevertheless, this court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the

1



petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The petition indicates Petitioner was sentenced on July 30, 1995, to "25 + 35 to life" for murder and armed robbery. An appeal and post-conviction relief action were filed in State court, with the last known State court action being the dismissal of a post-conviction relief action on January 24, 1997. No information is provided concerning the intervening thirteen years from the last State court decision and the filing of this federal § 2254 habeas action on December 22, 2010.

On April 24, 1996, the AEDPA became law and put in place a statute of limitations for habeas petitions filed pursuant to § 2254. The AEDPA, in part, states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2



> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d). It is clear from the face of the petition that Petitioner's § 2254 petition is untimely under 28 U.S.C. §2244(d).

The AEDPA's statute of limitations, however, is subject to equitable tolling, which could, in effect, extend the final date for filing. *Holland v. Florida*, _U.S._, 130 S.Ct. 2549 (2010); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Petitioner could be entitled to equitable tolling of the statute of limitations if presenting facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The standard habeas petition form (AO-241) requests information in question number eighteen (18) pertaining to the timeliness of the petition. The question states" [i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." The footnote to the question provides the text of § 2244(d). Petitioner did not respond to the question.

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). The Court further instructs that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* Similarly, the United States Court of Appeals for the Fourth Circuit has mandated caution in *sua sponte* dismissals of untimely petitions under the AEDPA:

3



> [W]hen a federal habeas court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

*McMillan v. Jarvis*, 332 F3d 244, 249 (4th Cir. 2003); *Hill v. Braxton*, 277 F3d 701 (4th Cir. 2002).

By Order dated March 17, 2011, Petitioner was permitted thirty days to file a factual explanation to show cause why his petition should not be dismissed based on the application of the one year limitation period established by 28 U.S.C. § 2244(d). The thirty days allowed for Petitioner's explanation lapsed on April 18, 2011, and Petitioner has not responded. No explanation has been provided for the delay in filing his § 2254 petition, although the petition is clearly filed beyond the one-year statute of limitations. The § 2254 petition indicates the last State court action was dismissed on January 24, 1997, and Petitioner filed his federal habeas petition on December 22, 2010. Clearly, the one year statute of limitations applies to bar the § 2254 petition.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the petition for a writ of habeas corpus **with prejudice** and without requiring a response by the Respondent.

_____
Bristow Marchant
United States Magistrate Judge

April 28, 2011
Charleston, South Carolina

**Petitioner's attention is directed to the important notice on the next page**.

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

