IN THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Maurice I. Williams, | ) | Civil Action No.: 9:10-cv-03273-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2254. Petitioner filed his [Docket Entry 1] § 2254 Petition on December 22, 2010.[1] This matter is now before the court with the [Docket Entry 14] Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant[2] filed on April 28, 2011. In the R & R, the Magistrate Judge recommended dismissing the § 2254 Petition as time-barred under the AEDPA's statute of limitations. *See* R & R at 4. Petitioner timely filed objections to the R & R. *See* Obj. [Docket Entry 17].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo*

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court). While the court notes that the prison mail room failed to date-stamp the envelope containing the § 2254 Petition upon receipt, Petitioner signed the Petition on December 22, 2010, and the United States Postal Service date-stamped the envelope as mailed on that same date. Accordingly, the court will treat Petitioner's § 2254 Petition as filed on that date–December 22, 2010.

[2] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Applicable Law

28 U.S.C. § 2244(d) specifically provides the following:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## **Discussion**

In his § 2254 Petition, Petitioner indicated that he was sentenced on July 31, 1995, to "25 + 35 to life" for murder and armed robbery. *See* § 2254 Petition at 1. Petitioner further indicated that an appeal and post-conviction relief ("PCR") action were filed in South Carolina State court, with the last known State action being dismissed on January 24, 1997. *See id.* at 2-3; *see also* Obj. at 3. Petitioner then filed the instant action on December 22, 2010.

On March 17, 2011, the Magistrate Judge entered an order noting that "it appear[ed] from the information provided on the petition that Petitioner [was] not entitled to relief because he ha[d] failed to timely file his § 2254 petition." March 17 Order [Docket Entry 10] at 1. The Order contained the language from 28 U.S.C. § 2244(d). *See id.* at 1-2. Also, the Order cited the case law that allows a district court to *sua sponte* dismiss a habeas petition as untimely, so long as the court provides the prisoner notice and an opportunity to respond. *See id.* at 2 (citing *Day v. McDonough*, 547 U.S. 198, 209 (2006)). Finally, the March 17 Order concluded with the following, in pertinent part:

> This Order is notice to Petitioner that the Court is considering dismissal of his case based on the one-year statute of limitations. Unless Petitioner provides facts concerning the issue of timeliness of his petition that would militate against dismissal based on the limitations bar, this case will be recommended for dismiss[al] based on 28 USC § 2244(d). Petitioner is given thirty days to file with this Court a factual explanation to show cause why his petition should not be dismissed based on the application of the one year limitation period established by 28 U.S.C. § 2244(d).

*See id.* (emphasis removed). Petitioner did not file a response to that Order.

On April 28, 2011, the Magistrate Judge entered his R & R in this matter, recommending that

3

the undersigned dismiss Petitioner's § 2254 Petition as time-barred under the AEDPA's one-year limitation period. Petitioner did timely file objections to the R & R. In those Objections, Petitioner sets forth his arguments as to why his § 2254 Petition should not be dismissed as time-barred. The undersigned will now address those arguments below.

As an initial matter, the undersigned agrees with the Magistrate Judge that Petitioner's § 2254 Petition is clearly untimely under § 2244(d)(1)(A).[3] Petitioner was convicted in July of 1995, and his last State appeal and/or PCR action was dismissed on January 24, 1997. Petitioner did not file his instant § 2254 Petition until December 22, 2010. Further, Petitioner has not indicated that any other State actions, nor any federal habeas actions, were filed in the over thirteen (13) intervening years between 1997 and 2010. Accordingly, it is clear on the face of the record that the § 2254 Petition was filed outside the one-year limitation period set forth in § 2244(d).

Petitioner, however, does argue in his Objections that he should be entitled to equitable tolling of that limitation period. "[Section] 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, the Fourth Circuit has held "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. . . . [T]herefore, . . . any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

---

[3] The court notes that Petitioner does not appear to object to this recommendation, other than requesting equitable tolling.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rouse*, 339 F.3d at 246 (holding that a petitioner is entitled to equitable tolling if he "presents (1) extraordinary circumstances, (2) beyond his own control or external to his own conduct, (3) that prevented him from filing on time."). In our case, Petitioner has not shown that he should be entitled to equitable tolling.

First, Petitioner repeatedly contends that he did not have an understanding of the law, and that his lack of understanding led to the late filing. For example, Petitioner stated in his Objections that "[n]o one has helped nor explained in common terms the right or proper way of relief that may have been available to him from the start of his case." Obj. at 2. Similarly, he later indicated that he "did not understand then, nor does he now, about the appeal process."[4] *Id.* at 3. However, Petitioner's lack of understanding of the habeas and appellate process is not an "extraordinary circumstance." The Fourth Circuit has held that "even in the case of an unrepresented prisoner,

---

[4] In making this argument, Petitioner references, albeit not clearly, that his former counsel "fail[ed] to perfect appeal" and was therefore "ineffective." Obj. at 4. However, to the extent Petitioner is arguing that his trial counsel was ineffective on this basis, his argument fails for multiple reasons. First, while Petitioner is correct that an attorney can be ineffective for failing to perfect a direct appeal of a conviction, Petitioner indicated in his § 2254 Petition that a direct appeal was filed on his behalf. *See* § 2254 Petition at 1-2. Second, to the extent Petitioner is claiming his attorney was ineffective for not filing a federal habeas action on his behalf, this argument appears to be without merit as, generally, "attorney error during habeas proceedings is not itself a ground for relief in a § 2254 proceeding." *Rouse*, 339 F.3d at 249 (citing 28 U.S.C. § 2254(i)). Regardless, even if the court were to assume, *arguendo*, that either of those alleged failures constituted grounds for this habeas petition, Petitioner's argument is still insufficient to excuse the untimeliness of the instant § 2254 Petition. If Petitioner's former trial counsel did, in fact, fail to file a direct appeal or a federal habeas action after a direct appeal, these failures would have occurred shortly after Petitioner's conviction (1995) or last State action (1997), respectively. Accordingly, because these alleged failures would have occurred, at the very least, thirteen (13) years ago, any such claims based on these allegations would be time-barred for the same reasons as stated in this Order.

5

ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Similarly, courts have held that "unfamiliarity with the legal process, lack of representation, [and] illiteracy do[] not serve as [] ground[s] for equitable tolling." *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004). Accordingly, Petitioner's alleged lack of understanding and "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control." *Sosa*, 364 F.3d at 512. Thus, Petitioner is not entitled to equitable tolling of § 2244(d)'s period of limitation on this basis.

Second, Petitioner has not convinced the court that he "ha[d] been pursuing his rights diligently." *Pace*, 544 U.S. at 418. According to Petitioner, his last State court action was dismissed on January 24, 1997, and he did not file the instant action until December 22, 2010. *See* Obj. at 3. Therefore, over thirteen (13) years passed without Petitioner filing any type of action regarding his 1995 conviction. Petitioner does indicate that he made "[s]everal unsuccessful attempts" to get in contact with his former trial counsel "from 1999 up until 2007." *Id.* However, Petitioner did not provide the court with any information regarding the number of attempts made or in what fashion he attempted to reach his former counsel. Without more, and in light of the fact that thirteen (13) years passed without Petitioner filing any type of action regarding his 1995 conviction, Petitioner cannot show that he had been "diligently" pursuing his rights and should be entitled to equitable relief.

Finally, the court notes that Petitioner contends he received "help and assistance from the Review Research Group" in 2008, and that, with this assistance, he "was able to better understand

what ha[d] happened, and what ha[d]n't happened for him, legally."[5] Obj. at 3. One of the things that Petitioner alleges this group helped him recently discover was that "260 pages of information partaining [sic] to his case . . . wasn't made available prior to trial and sentencing which could have affected the actions of the petitioner and his attorney." *Id.* at 2. The court notes, however, that Petitioner claims he received this "help and assistance" in 2008. Therefore, even if the court were to toll Petitioner's limitation period, equitably or statutorily, until December 31, 2008,[6] Petitioner still failed to file the instant habeas petition within one (1) year of that date.[7] Rather, he did not file the instant § 2254 Petition until December 22, 2010, approximately two (2) years after he received the alleged "help and assistance." Accordingly, the court finds this argument insufficient to excuse the untimeliness of his § 2254 Petition.

In sum, Petitioner untimely filed his § 2254 Petition over thirteen (13) years after his Judgment became final, and he has failed to establish that he is entitled to any equitable tolling of the AEDPA's one-year limitation period.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a

---

[5] Petitioner informs the court that the Review Research Group is "a National Inmate Advocacy Group." Obj. at 3.

[6] Petitioner indicated that he received "help and assistance" from the Review Research Group in 2008, but he does not indicate a specific date of this "assistance" and "discovery." Nevertheless, for purposes of this argument, the court will give Petitioner the benefit of the latest possible date in the year 2008–December 31.

[7] To any extent that Petitioner may be arguing that this "help and assistance" and "discovery" provided him with a new statutory period under § 2244(d)(1)(D), his § 2254 Petition would still be untimely for the same reasons as stated above. That section provides a one-year limitation period from the date that the factual predicate of the claim could have been discovered through due diligence, and, as discussed above, Petitioner did not file the instant petition until approximately two (2) years after he received this alleged "help and assistance."

constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

## Conclusion

The court has thoroughly reviewed the entire record, including the R & R and Objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, it is therefore **ORDERED** that Petitioner's § 2254 Petition is **DISMISSED**, *with prejudice*, as untimely under the AEDPA's one-year limitation period.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
June 13, 2011